Thank you, Your Honor. May it please the Court, my name is Nancy Tenney. I represent Petitioner Pedro Carranza in this matter. And as just stated, I am also arguing on behalf of Victor Diaz as the cases have been consolidated for argument. And I would like to reserve five minutes for rebuttal time. Your Honors, this case presents a classic example of the importance of the right to confrontation. At the first trial in this matter, after hearing the three critical state witnesses give live testimony, the jury was unable to reach a verdict. At the second trial, when those three witnesses were not presented as live witnesses by the state, but instead their testimony was read by law enforcement officers, the jury convicted both petitioners. Because the state failed to satisfy either requirement of the confrontation clause necessary to admit that prior testimony, we ask that the Court grant the petition. In order for the state to admit this prior testimony, the Sixth Amendment requires first that the state demonstrate that the witnesses are unavailable. It also requires the state to demonstrate that there was adequate opportunity for cross-examination at the time of the prior testimony. And the state did not meet either of those requirements in this case. With respect to the unavailability, the state presented evidence that they had simply mailed subpoenas to these three witnesses at their last known address, that they were soon thereafter told by a relative that the witnesses no longer resided there. The state did send a detective to speak with the relative. The relative indicated that he knew precisely where the witnesses were, but chose not to give that information to law enforcement. Instead of subpoenaing that witness into court to provide that necessary information, the state did nothing further. The state court decision, the state supreme court decision, was an unreasonable determination of the facts in this case when it found the witnesses unavailable. The court found, quote, the witnesses could not be located. And yet at another point in the opinion, the court recognized that there was a witness, the relative, who knew where these witnesses were. Somewhere in my review of this, I got the impression that at least some witness said they had gone, returned to Mexico or moved to Texas. Where did that come in? It was this relative who was in contact with law enforcement, said that they had moved to Mexico, but did not want to tell law enforcement precisely where in Mexico, and that the relative also understood they had plans to move to Harlingen, Texas. So had very specific information as to where they were. He told the law enforcement officer that he did not want to provide the specific information. If the law enforcement had known precisely where witnesses were in Mexico, would they have an ability to subpoena them? Your Honor, we have cited a treaty in our brief, a treaty between the United States and Mexico that provides assistance to bringing witnesses to court. In addition, there was no showing by the State, no conclusive showing that those witnesses even were, in fact, in Mexico. As the relative indicated, they had plans to move to Harlingen, Texas, in which case certainly the court could have compelled their presence in court. But it was incumbent upon the State, who was the proponent of this evidence, to bring that witness into court to get as specific information as possible in order to demonstrate either where the witnesses were or that they were unavailable. This isn't a Federal appeal, so it's a State prisoner. I mean, it's a Federal appeal, but it's an habeas petition with a State prisoner. And as I'm under the impression that AEDPA is applicable? Correct, Your Honor. Now, on this issue of the degree of showing that is required by to prove unavailability under Crawford to show that element, what Supreme Court decision is the State court's determination either disregarding or contrary to or an unreasonable application of? Your Honor, I would specifically cite to Barber v. Page a case in which the Supreme Court said good faith requires all reasonable efforts. And that court specifically says that you don't have to show conclusively that the witnesses could have been procured, but it's necessary to make those efforts. And a request and a rebuff is not the equivalent of making no request at all. And in this case, where the State had available to it a relative who knew precisely where these witnesses were and made no effort to compel that witness to provide that information, the State cannot be said to have exhausted the reasonable efforts available to it. In addition, as I said, I believe the State court opinion is an unreasonable determination of the facts. If I may ask a question. In the case Barber v. Page, there the witness that was needed was being detained or rather incarcerated in a jail, and they knew precisely where it was, and they could have had a writ of habeas corpus ad testificandum issued. Here the prosecution didn't know, and what is more, there was some evidence that the witnesses were avoiding coming to trial because they had been intimidated. Correct? Well, Your Honor, I would disagree that they did not know where the witnesses were because the State had available the relative who did know where the witnesses were and who told law enforcement he knew where the witnesses were. But he didn't want to tell where the witnesses were because they were afraid of being the objects of some revenge. Well, that relative never testified before the court to verify that information. That witness could have been subpoenaed, brought before the court at the evidentiary hearing regarding the unavailability of these witnesses and been compelled to either provide that information or be held in contempt. And the State took no further actions, and there's also no indication that they ever pursued the other information, such as looking for them in Harlingen, Texas, the specific town in Texas that the relative claimed that they were moving to. In addition, Your Honor, the prosecution failed to show that at the time of the prior testimony that the defendants had an adequate opportunity for cross-examination. With respect to the burglary charges, they had not – those charges were only filed after the first mistrial. At the time of the first trial, there was no issue with respect to burglary, and the burglary evidence that the State relied on was the testimony of Reina Serrano, who was present at the time of the alleged induction. There was absolutely no questions asked on cross-examination. At the time of the kidnapping and kidnapping-only charge, the first trial, there was a story or, pardon me, a version of events by the defense that the victim was really not a victim, that he'd gone willingly with them to the motel, that he was a friend. Now, the evidence came in in the kidnapping that the door was broken open and that, I think very significantly, the telephone wires had been cut. That evidence undermined the defense theory that there was a friendly departure, and there was all the motive and interest in the world to discredit that witness at the first trial because those two pieces of evidence, the breaking into the house and the cutting of the wires, were corroborative of kidnapping and contradicted the theory that he had gone on his own. So, therefore, didn't your people have an adequate opportunity to cross-examine? Your Honor, I don't believe they did. It was not framed for defense counsel at the time of the first trial to attack whether entry into the abductee's home was voluntary or not voluntary. There were absolutely no eyewitnesses who saw any of the defendants inside the home, and there was no fingerprint evidence or anything of that nature. Instead, Ms. ---- Where were the wires that were cut? Excuse me? The wires that were cut, were they inside the dwelling or outside the dwelling? Those were inside the dwelling. However, there was no testimony, specific testimony, from Ms. Serrano regarding the condition of the home prior to her leaving. Part of her testimony was that Coke cans were open on the table, but she also was unclear whether a roommate, Silviano Ruiz, was present in the home at the time she left. There was also no conclusive evidence that the kicking of the door actually led to the opening of that door. It's rather vague testimony that the door appeared to have been kicked. None of that testimony was essential to the kidnapping charge, and the defendants just simply were not on notice that the entry into that residence was of such critical importance. I suppose if he had stepped out onto the front porch, if they had one, or on the steps, or just stepped outside the house on the lawn and then was kidnapped, the person could be kidnapped without any entry into the house, right? Indeed, Your Honor. So doesn't the case come down to, in Williams against Taylor, he said that the state court decision has to be objectively unreasonable. So then we come down to the statement by the Washington Supreme Court, said that here the defendants didn't have reason to focus at the first trial, but said when they faced only kidnapping charges, however, they did have some motive to discredit those statements. And there went on to find that that brought it within the trial court's discretion. Don't you have to get down to specifically deciding that that statement and decision by the Washington Supreme Court is objectively unreasonable? Your Honor, I would state that the portion of the opinion talking about whether or not the defendants had some motive at the time of the first trial is actually in the State's discussion of the evidentiary ruling. Prior to that, and a few paragraphs prior to that, under the heading of confrontation clause analysis, the Court specifically says, and I quote, all the former testimony in this case occurred in a prior trial, and the witnesses subsequently became unavailable, end quote. And that is what they relied on to find, that there was no confrontation violation. They did absolutely no discussion or analysis of whether there was adequate opportunity for cross-examination at the time of the first trial. And that is the conclusion of the State's confrontation clause analysis. The Court does then go on to discuss the evidentiary rule, at which time it discusses whether or not there was a similar or same motive at the time of the first trial. And that is where the Court does state that there was some motive, but some motive, again, is contrary to established Supreme Court law that requires a similar motive. And I don't believe that the standard of some motive is consistent with the Supreme Court's precedent and requirement as to a sufficient motive to fully cross-examine at the time of the initial trial. Kennedy. Why isn't the State Supreme Court's decision that that issue was waived, why didn't that dispose of that issue? Well, that is with respect to the kidnapping charge and the new evidence that the defendants attempted to present at the second trial. However, again, the waiver issue is in the Court's discussion only of the evidentiary rule, not in its analysis of the confrontation clause violation. And in that case, I don't believe that waiver can be so easily dispensed of. The defense became aware of information that the State had represented simply did not exist at the initial trial. Defense counsel was later able to find that information, attempted to introduce it at the trial, even though the witnesses were not there for them to confront them with evidence proving that they had lied about their knowledge of the pickup truck. So the State's discussion of the evidentiary ruling, as counsel in the prior argument stated, it's a very different standard of review for an evidentiary ruling, simply abuse of discretion, rather than the analysis required for a constitutional violation. I know you wanted to make some rebuttal argument. Okay. Would you like to stop now? Yes, Your Honor. Thank you. We'll add two minutes to your rebuttal. I'm afraid that's all we can add today with our schedule. Okay. Mr. Sampson. May it please the Court. John Sampson, Assistant Attorney General, representing the Respondent. The State court decision in this case was a reasonable application of clearly established Federal law that existed at the time of the State court decision. And for that reason, relief is not available. There are three points that I want to focus on. The first is the issue of unavailability, because that applies regardless of whether Ohio v. Roberts or Crawford applies. The second is whether Crawford applies at all. And the third is, what does Crawford require? Addressing the unavailability issue, the question is basically one of good faith or reasonableness. And the State court in this case, after conducting an evidentiary hearing where witnesses testified, found that the witnesses were unavailable because they were no longer in the country. There was simply no evidence to show that the prosecution knew where the witnesses were. There was no evidence to show that they, in fact, moved to Texas at the time of the second trial. All the evidence showed that they had moved to Mexico, that they were hiding, and that the prosecution and the investigating police officers had no idea of where they were actually located. I think your opponent takes it one step further, though, saying it was unreasonable for the State not to inquire of the person they had there in front of them to bring them into court and force them to testify. There's no showing that the defense attempted to subpoena this person, this relative. They could have ---- But the defense isn't trying to get the evidence in. No, Your Honor. But they also did not call the witness or this relative to come in and be a witness in this pretrial hearing. Well, I think the problem with that is you're saying, well, the defense didn't make the State's case, so therefore the defense can't complain. Isn't that what you're saying? No, Your Honor. What I'm saying is there's no evidence that even if this witness would have testified in a pretrial hearing, that the witness would have given information that would have allowed the State to go into a foreign country and force those people back into the State of Washington to testify. There's simply no evidence presented, either in State court or in Federal court. Their major claim is that if this witness would have testified, either, A, the relative would have testified that they had actually moved to Texas, and there's no evidence to support that, or that they would be somewhere in Mexico where the State could then use some extraordinary methods to get them back into this country. There's no evidence to show that the relative would have testified that way. There's no evidence to show that the relative knew that the State could have learned exactly where they were living. The relative's information was that they were living in a part of Mexico where there are no phones, a very rural part of Mexico. There's no showing the State court have forced them back to Washington. The State court decision was a finding of fact. I submit that the witnesses were unavailable, and that as a reasonable – they challenged it as a finding of fact. It was a reasonable, objectively reasonable finding. They have not rebutted it. And it was a reasonable application of both Roberts and the Crawford test. The – moving on to whether Crawford applies or Roberts applies, I'm aware of this Court's decision in the Bochning case. I am aware that there is a petition for certiorari that has been pending since January, unless the Court issued a decision today, I believe. I don't know how, for our purposes, Crawford's retroactive. I understand, Your Honor. I just do not waive that issue at all. Even under Crawford, however, the petitioner asked this Court to do more than what Crawford requires. The petitioner has gone on and on about whether there's a similar motive. Crawford says nothing about similar motive. No U.S. Supreme Court Sixth Amendment confrontation case talks about similar motive. Well, how about just – look, Crawford says there has to be an opportunity to cross-examine. Now, can it make sense that you have an opportunity to cross-examine without knowing all the charges against you? Yes, Your Honor. And why is that? That's the one part of this case where this – that bothers me. I haven't figured out what AEDPA permits or requires here, but why is there an opportunity to cross-examine on the burglary charge when it wasn't asserted in the first trial? I view it as an opportunity to cross-examination on the testimony. And the testimony clearly was presented. This is not new testimony that was developed after the first cross-examination. The witness testified regarding the cut lines, regarding the damage to the house, regarding the open sodas. They had an opportunity to cross-examine regarding that because it went directly, or at least indirectly, and that would be sufficient, to whether or not this was actually a kidnapping. The defense theory was that we really didn't kidnap him. He went with us, and we had fun in a hotel for a couple days, and then the money that was paid to us was money over a truck deal that they owed us. Well, the state's theory, as presented through the witnesses, was this was a kidnapping. And evidence of damage to the house, of cut wires, is relevant to whether or not this was a kidnapping or whether this was a fun weekend in a hotel. Just to play devil's advocate with you here, it could be a kidnapping without any entry into the house. It could be. The other person who lived in the house might have cut wires by accident. There could be other reasons for that, and still the state would be entitled to show it was a kidnapping and prevail on that, perhaps, without showing there was an entry in the house. So if that's true, why couldn't defense counsel in the first trial make a strategic decision not to cross-examine on those issues because they weren't entering wasn't an issue? Defense counsel could have made that strategic decision. They could have made that strategic decision in the second trial if the witnesses had testified live. But the fact is they had the opportunity to make that decision. They had the opportunity to question the witnesses regarding it. But did they have much of a motive? And that brings me back to my point, Your Honor, that motive is not found in the Supreme Court's jurisprudence on Confrontation Clause. There are motive statements regarding the evidence rule 804, but nothing in the Supreme Court's jurisprudence under Crawford or under Ohio v. Roberts requires this motive. All that the Supreme Court requires is opportunity for cross-examination. And because of that, this was a reasonable application of that when the court, State court reached its decision it reached. There is nothing in the Supreme Court's holdings that say if a new charge is added, the evidence is inadmissible. So in theory, if the State had added three new charges and the same witnesses were unavailable, the fact that the witnesses testified at the first trial would have ended the argument that there was no opportunity to cross-examine them on those three new charges at the second trial because they all testified at the first trial. Under the constrictions imposed by 2254d, the State court decision would be a reasonable application of clearly established Federal law that existed at the time because the State court would have said you had an opportunity to cross-examine this witness. And I think one of the key points is this is not a situation such as that addressed in Crawford where you have evidence presented through the police, testimony evidence presented through the police or through prior testimony with absolutely no opportunity for cross-examination. It's not like they got an affidavit from these witnesses after the first trial that added additional testimony. Everything that was presented at the second trial was presented at the first trial as far as these witnesses' testimony was concerned, and the defense had an opportunity to cross-examine each and every word that came out of that witness's mouth. Mr. Sampson, I couldn't really tell this from the briefs. I may have missed something. But is there anything that tells us how much sentencing impact the burglary charge had? In other words, how long is this appellant in prison for? And if there were habeas relief on the burglary charge, what would be the impact on the prison charge? Well, Your Honor, I have not looked at the sentencing. The issue would be or the information would be contained in the judgment and sentence, which is in the excerpts of record. The judgment and sentence sets out what the standard ranges are, what was available at the time for each count of the conviction, and whether the convictions ran concurrent or consecutive. So that review of the judgment and sentence should answer that. But it would be the State's fallback position is that any error here did relate only to the burglary conviction. There was no – they certainly had prior opportunity for cross-examination on the kidnapping. So the error would only go to the burglary conviction. Just as one judge, that's all I'm wondering is whether there's an entitlement to relief. I mean, assuming there's unavailability on the opportunity to cross-examination part, I'm really just thinking about the burglary. And that information should be contained in the judgment and sentence as to what the sentences were available, what was actually imposed for each count, and whether they ran consecutive. Yeah. My notes say that there's 151 months on the kidnapping conviction, 31 months concurrent on the burglary conviction. So what is really at issue is not time in prison, but it's whether his record will contain one further conviction. That would be. That would be the issue. Which is usually enough of a collateral consequence to warrant a habeas petition. That would be. That would be. And the Court could grant relief and vacate the burglary conviction. That would not affect his actual time in prison because the kidnapping charge encompasses that time. I believe that it raises all the points that I had to bring before the Court. I would simply add that this would – even if this Court were to find that the State Court erred, the State Court should not have committed this testimony. The fact is, is that State court adjudication was objectively reasonable. So even if it was clearly erroneous, that's not sufficient. We would ask that the Court affirm the district court's judgment in this case. Thank you. Thank you, Mr. Stams. Okay. Ms. Tenney. Thank you, Your Honors. First, with respect to the sentence that the defendants received in this case, even as to simply the kidnapping charge, the way that the guideline range is calculated includes as one factor the defendant's convictions, including the burglary conviction. So even the range of 151 months for the kidnapping charge was affected by the fact that there was a burglary conviction. That's my understanding of how those guidelines were operating. Do you know how much it was affected? That I do not know, Your Honor. Can that be calculated from the record? I would not know how to calculate them from the record. So I'm not sure on that. Okay. Go ahead. In terms of responding to the State's argument, the State seems to suggest that it was conclusive that the witnesses were no longer in the country, and it was conclusive that the prosecution had no evidence where the witnesses were. Again, there was a witness who knew where the witnesses were, and that witness never came to court and conclusively stated that they were outside of the country. The State argues that there's no clear showing here that even if that witness had been called, that it would have resulted in those witnesses coming to court. Barbara versus Page makes it very clear that the possibility of a refusal is not the equivalent of asking and receiving a rebuff. The State at least had an obligation to seek further information from that witness. With respect to the State's argument as to similar motive or some motive, the State court opinion clearly is contrary to Supreme Court law because all the State court looked at in looking at the prior opportunity for cross-examination was all the former witnesses testified in a prior trial and became unavailable. They didn't talk at all about an adequate opportunity for cross-examination, whether that be defined as a similar motive or the same motive. They did not. Well, your bonus says there's no Supreme Court authority saying that motive has to be considered when you're looking at opportunity. Motive is certainly part of a court's consideration as to whether the prior cross-examination was adequate. What's your case saying that motive has to be considered? Well, I would refer the Court to United States v. Salerno, which is a case reviewing the evidentiary rules, but it's consistent with the principles behind the Confrontation Clause. But you said that evidentiary issues in Confrontation Clause are a little different. But what the Court has, the principle in Crawford and in Roberts and the Confrontation cases make clear that the prior opportunity for cross-examination had to be adequate, and that's certainly part of the analysis. Thank you. Thank you. We thank both counsel for the fine arguments. And Carranza and Diaz shall be submitted.
judges: T. Nelson, Gould, Bea